## Commonwealth v. Markov

*Joan D. Lasensky*, for Commonwealth.
*Herman Winderman*, for defendant.

PITT, *J.*, December 23, 1977 — This matter came before us for hearing on a petition to expunge all record of arrest for an alleged offense which occurred approximately five years ago and involved a telephoned bomb threat while petitioner was a student. At hearing it was agreed that petitioner had no other record and it was claimed that the existing arrest record had caused his dismissal as a school teacher and would prevent him obtaining similar employment. The case was disposed of with an accelerated rehabilitation disposition (A.R.D.), and the Pennsylvania Criminal Rules have been complied with upon successful completion of that program.

It has been argued to us under the authority of Com. v. Malone, 244 Pa. Superior Ct. 62, 366 A. 2d 584 (1976), and the balancing test therein set forth that the expungement herein requested is commanded. We disagree. The A.R.D. program is designed to divert out of the trial process those cases

which are burdensome to the system, are minor in nature and are unlikely to reoccur. The proper administration of that A.R.D. program requires the maintenance of a record of A.R.D. disposition in order to insure that a repeated offender does not get multiple admissions into that diversionary program.[1]

On the facts of this case as presented, it escapes us as to how the relief sought could aid petitioner. The fact of an expungement of an arrest record would not change the answer to a question on an employment application which asks whether or not you have ever been arrested. To expunge is to delete or to strike out or to erase: Websters Third New International Dictionary, G.M.C. Merriam Co. (1976). Such an erasure eliminates the record of the fact but does not eliminate the fact.

## ORDER

And now, December 23, 1977, for the reasons set forth, the prayer of the petition to expunge is denied and the rule issued thereon is discharged.

---

1. It is common knowledge that there are some jurisdictions in this Commonwealth that have expunged arrest records in A.R.D. cases with the result of a total loss of information to the system and consequent abuse of the A.R.D. disposition. A prosecutor in order to make a determination of the fitness of a particular case for A.R.D. disposition should consider all available information about the offense and defendant. It seems obvious to us that such a review should include whether or not defendant has been placed in the A.R.D. program before and that task would be rendered almost impossible if the prior disposition was made in another county unless the appropriate reporting agencies maintained the arrest record.